UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE ) | |
| ) | |
| KEMOY T.A. LIBURD-CHOW, ) | |
| Debtor. ) | Bankruptcy No. 10 B 02653 |
| ) | |
| KEMOY T.A. LIBURD-CHOW, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary No. 10 A 00224 |
| ) | |
| NATIONSTAR MORTGAGE, LLC, GMAC ) | |
| MORTGAGE, LLC, CODILIS & ASSOCIATES, ) | |
| P.C., LOCKWOOD FINANCIAL, INC., D/B/A ) | |
| LOCKWOOD DEVELOPMENT, INC. JFG ) | |
| MORTGAGE, CORP. ) | |
| Defendants/Creditors. ) | |

## MEMORANDUM OPINION ISSUED *SUA SPONTE* TO CONSIDER DISMISSAL OF LOCKWOOD FINANCIAL, INC., D/B/A LOCKWOOD DEVELOPMENT, INC. AS DEFENDANT

This matter comes on this Court's *sua sponte* motion to consider dismissal of Plaintiff Kemoy T.A. Liburd-Chow's ("Liburd-Chow") Adversary Complaint against Defendant Lockwood Financial, Inc., D/B/A Lockwood Development, Inc. ("Lockwood").

Liburd-Chow, acting *pro se*, filed a voluntary petition for bankruptcy relief under Chapter 7 on January 25, 2010, and obtained a discharge on May 4, 2010. On February 16, 2010, Liburd-Chow filed this Adversary Proceeding against several defendants, including Lockwood. Liburd-Chow's Complaint is a fifty-four page, twenty-six count document. The Complaint alleges various acts of fraud and deceit on the part of the defendants associated with her purchase and financing of certain property. It appears from the Complaint that the property is located at 4063 W. Cermak Rd., Chicago, Ill., and that the sale closed on August 29, 2005. (Compl. ¶ 5.)

Of the twenty-six Counts, only Counts 24, 25, and 26 apply to Lockwood.

Liburd-Chow alleges that Lockwood sold her the property. (*Id.* at 50–52.) The thrust of Liburd-Chow's allegations against Lockwood is that it falsely inflated the value of that property and that she relied on Lockwood's representations to her detriment.

## DISCUSSION

Jurisdiction over the Lockwood Counts is lacking. Even if jurisdiction did exist, the Counts against Lockwood must be dismissed for failure to plead the circumstances of fraud with particularity.

### I. Dismissal *Sua Sponte*

*Sua sponte* dismissal of claims is allowed, so long as "a sufficient basis for the court's action is evident from the plaintiff's pleading." *See, e.g., Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (affirming *sua sponte* dismissal under Rule 12(b)(6)); *Sudduth v. Donnelly*, 2009 U.S. Dist. LEXIS 27960, at 30–31 (N.D. Ill. Apr. 1, 2009) (*sua sponte* dismissal under 12(b)(6)); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1070 (11th Cir. 2007) (affirming *sua sponte* dismissal for failure to plead fraud with specificity); *Silverstein v. Percudani*, 207 Fed. App'x. 238, 239–40 (3d Cir. 2006) (same). Additionally, the court must notify the parties of its intentions and allow them an opportunity to cure the defect in the complaint or to respond. *Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005); *Stewart Title Guar. Co. v. Cadle Co.*, 74 F.3d 835, 836 (7th Cir. 1996). *Pro se* complaints should be "liberally construed." *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000).

**II. Jurisdiction**

Before adjudicating any claim, jurisdiction must be assured. *See, e.g., Jump v. Schaeffer & Assocs. Ins. Brokerage, Inc.*, 123 Fed. App'x. 717, 718 (7th Cir. 2005); *In re Weihs*, 229 B.R. 187, 189 (B.A.P. 8th Cir. 1999) (*citing Mansfield v. Swan*, 111 U.S. 379 (1884)); Halas v. Papajcik, 199 B.R. 654, 656 (N.D. Ill. 1996) (*citing In re Querner*, 7 F.3d 1199, 1201 (5th Cir. 1993) ("Without jurisdiction, any decision, opinion, or order issued by the court would be void.")

The jurisdiction of a bankruptcy judge comprises, and is limited to, matters "arising in," "arising under," or "related to" a case under Title 11, the Bankruptcy Code. 28 U.S.C. §§ 1334(b), 157(a); Internal Operating Procedure 15(a); *Celotex Corp. v. Edwards*, 514 U.S. 300, 307(1995); *In re Fedpak Sys., Inc.*, 80 F.3d 207, 213 (7th Cir. 1996). A case "arises under" Title 11 when the action is based on a right or remedy explicitly provided in it. *Conseco, Inc. v. Schwartz (In re Conseco, Inc.)*, 330 B.R. 673, 681 (Bankr. N.D. Ill. 2005), (*citing In re Kewanee Boiler Corp.*, 270 B.R. 912, 917 (Bankr. N.D. Ill. 2002). "Arising in" jurisdiction exists when the proceeding at issue does not arise under a particular statutory provision of the Code but would have no existence but for the bankruptcy. *Id.* (*citing Banc of Am. Inv. Servs. v. Frailberg (In re Conseco, Inc.)*, 305 B.R. 281, 285 (Bankr. N.D. Ill. 2004). In this Circuit, "related to" jurisdiction arises in two circumstances. The first circumstance is

> tort, contract, and other legal claims by and against the debtor, claims that, were it not for bankruptcy, would be ordinary stand-alone lawsuits between the debtor and others but that section 1334(b) allows to be forced into bankruptcy court so that all claims by and against the debtor can be determined in the same forum.

*In re Import & Mini Car Parts*, 1996 U.S. App. LEXIS 25992, 5-6 (7th Cir. Sept. 27, 1996) (*Citing Zerand-Bernal Group v. Cox*, 23 F.3d 159, 161 (7th Cir. 1994). The second

circumstance is "[s]uits which may affect the amount of property in the bankrupt estate." *Id.* (*citing Zerand* at 162). In any event, "bankruptcy courts have no jurisdiction over proceedings that have no effect on the estate of the debtor." *Celotex Corp. v. Edwards*, 115 S. Ct. 1493, 1499, n. 6 (U.S. 1995).

Jurisdiction to hear matters under "related to" jurisdiction is generally held to terminate upon the end of the underlying bankruptcy case. *Wesco Prods. Co. v. Alloy Auto. Co.*, 880 F.2d 981, 983 (7th Cir. 1989) ("[T]he usual practice in the bankruptcy courts is to dismiss all related proceedings along with the bankruptcy case"); *Querner* 7 F.3d at 1201 ("[T]he dismissal or closing of a bankruptcy case should result in the dismissal of related proceedings.") An exception is sometimes made and jurisdiction is retained in the interests of "economy, convenience, fairness, and comity." *Querner* 7 F.3d at 1202 (*Citing Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 353 (1988) (superseded by statute on other grounds)).

As will be shown in greater detail below, the Counts brought against Lockwood are state law claims for fraud and conspiracy to commit fraud. Clearly, they are not matters "arising in" or "arising under" Title 11, since they are unrelated to the Bankruptcy Code. If jurisdiction exists for this court over these Counts, it would only be as a matter "related to" a case under Title 11.

For "related to" jurisdiction, the matter must, at least, have some "effect on the estate of the debtor." *Celotex Corp.*, 115 S. Ct. at 1499, n. 6. Here, "related to" jurisdiction likely existed at the time Liburd-Chow filed this Complaint, i.e. before her discharge was granted, since any recovery she received would have an effect on the

estate; anything Liburd-Chow recovered from Lockwood would become a part of it. However, Liburd-Chow lacked standing to bring this case before her discharge was granted, since the Chapter 7 Trustee was the only one vested with the authority to bring an action on behalf of the estate. *See Cable v. Ivy Tech State College*, 200 F.3d 467, 472 (7th Cir. 1999) (in a Chapter 7 case, under 11 U.S.C. §§ 541(a)(1), 704(1), "[t]he trustee has sole authority to dispose of property, including managing litigation related to the estate.") When, however, the Trustee filed the no-asset report and Liburd-Chow's discharge was thereafter granted, the Trustee inferentially abandoned its right – and Liburd-Chow obtained her right – to bring this action. However, these Counts have no bearing on Liburd-Chow's bankruptcy estate, and there is no "related to" jurisdiction. Moreover, there is no reason to retain this case, since little to no judicial or litigant effort was expended, nor will any particular inconvenience result from dismissal of these particular Counts, or this defendant. *See Querner*, 7 F.3d at 1202–03.

### III. Heightened Pleading Requirement Under Rule 7009 Fed. R. Bankr. P.

Federal Rule of Civil Procedure 9(b), incorporated in this proceeding by Federal Rule of Bankruptcy Procedure 7009, requires that a plaintiff alleging fraud must "state with particularity the circumstances constituting fraud." This requirement is an exception to the generally liberal pleading requirements of the Federal Rules of Civil Procedure; its purpose "is to force the plaintiff to do more than the usual investigation" before filing her complaint. *Graue Mill Dev. Corp. v. Colonial Bank & Trust Co.*, 927 F.2d 988, 992 (7th Cir. 1991); *Ackerman v. Nw. Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999). Particularity means "the who, what, when, where, and how: the first paragraph of any newspaper story." *DiLeo v. Ernst & Young*, 901 F.2d

624, 627 (7th Cir. 1990); *see also Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs, Inc.*, 536 F.3d 663, 668 (7th Cir. 2008) ("The circumstances of fraud or mistake include the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff.") (internal quote omitted)). Failure to plead with particularity may result in dismissal. *See, e.g., Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1020 (7th Cir. 1992) (affirming dismissal for failure to plead with particularity when plaintiff failed to identify the dates of alleged fraudulent actions); *Martinez*, 480 F.3d at 1070 (failure to identify agent); *Silverstein*, 207 Fed. App'x. At 239–40 (failure to identify dates, specific misrepresentations).

A. <u>Count 24: Illinois Consumer Fraud Act</u>

Count 24 alleges that Lockwood violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("the Act"). The Act makes unlawful:

> unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce.

815 Ill. Comp. Stat. 505/2. Private rights of action are allowed under the Act. 815 Ill. Comp. Stat. 505/10a. In such actions, the heightened pleading requirement of Rule 9(b) apply. *See, e.g., Brown v. C.I.L., Inc.*, 1996 U.S. Dist. LEXIS 4917 (N.D. Ill. Jan. 28, 1996) ("[A] consumer fraud claim must be pleaded with the same specificity that has always been a prerequisite to an action for common law fraud."); *see also, Windy City Metal Fabricators & Supply*, 536 F.3d at 669–70 (actions brought for "deceptive practices" under the Act require heightened pleading).

Liburd-Chow alleges that Lockwood violated the Act by committing acts that were unfair and deceptive. Specifically she alleges that Lockwood (a) paid money to an appraiser to artificially inflate the appraised value of the property, resulting in an appraised value higher than actual market value; (b) made false statements or concealed material information concerning the value of the property; (c) gained Plaintiff's confidence and trust while only acting in its own self-interest; (d) refused to accept the first appraisal on property, as that appraisal was for less than the selling price of the property; (e) provided an appraiser who would ensure that appraisal value was higher than the selling price of the property and coerced Plaintiff into agreeing to the second appraisal by that appraiser, who was a friend of Lockwood; (f) inflating the price of the property far above the market value of the property, even before the mortgage crisis. (Compl. 50–52.)

Liburd-Chow's Complaint is entirely lacking the necessary particularity required to allege fraud. She does not allege times, locations, content of communications, or identities of individuals at Lockwood or the appraisers. Rather, she generally alleges behavior to inflate the appraisal of property and makes various allegations of false statements and deceptive practices. These allegations are insufficient, inasmuch as they provide no information regarding "the who, what, when, where, and how" of the alleged fraudulent acts. *See DiLeo*, 901 F.2d at 627. Notwithstanding the "liberal" construing due Liburd-Chow's *pro se* Complaint, the complete lack of particularity in the Complaint requires that this Count be dismissed.

B. <u>Count 25: Common Law Fraud</u>

Count 25 alleges that Lockwood committed common law fraud under the same facts as Count 24. This Count adds allegations that: (a) Lockwood knew its statements, misrepresentations, deceptive acts, and concealment of facts were false and deceptive; (b) it intended that those statements induce Liburd-Chow to purchase the property; and (c) as a direct and proximate result of Lockwood's actions, Liburd-Chow suffered damages. Since this allegation is lacking specificity, it too will be dismissed, for the same reasons as Count 25.

C. <u>Count 26: Conspiracy to Commit Fraud</u>

Count 26 alleges that Lockwood committed civil conspiracy under the same facts as above. This Count further alleges that Lockwood: (a) agreed to commit fraud in an attempt to get Plaintiff to purchase the property; (b) took action in furtherance of that agreement; and (c) as a result, Liburd-Chow suffered damages. While Liburd-Chow need not plead the details of conspiracy with particularity, the alleged underlying fraud must be pled with specificity. *See Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 25 n.4 (2d Cir. 1990) (predicate acts of fraud must be pled with particularity to support conspiracy allegation); *Perlman v. Zell*, 938 F. Supp. 1327, 1348–49 (N.D. Ill. 1996), *aff'd*, 185 F.3d 850 (7th Cir. 1999) (same). As has already been established, Liburd-Chow failed to plead her allegations of predicate acts of fraud with particularity, and therefore Count 26 will be dismissed.

## CONCLUSION

Plaintiff is hereby given notice that for reasons stated, Plaintiff's Complaint, in its entirety as against Lockwood, and Counts 24, 25, and 26, may be dismissed by separate order at the next status call on the Proceeding scheduled for August 19, 2010, unless Plaintiff can demonstrate by a filing on or before that date why that should not be ordered.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this ___ day of August, 2010.